UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 05-442M |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| PAUL MCCLUSKEY, | ) | |
| Defendant. | ) | |

<u>Offense charged</u>:

    Conspiracy to Import and Distribute Marijuana

<u>Date of Detention Hearing</u>:   September 14, 2005

    The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

    (1)    Defendant and two co-defendants are charged with conspiring to import and distribute marijuana from Canada to the United States. The Complaint alleges that on September 6, 2005, Mr. McCluskey and co-defendant Jake Humphrey cleared a landing zone for a helicopter in a remote area of Skagit County, Washington, and then drove separately to the area on

01 | September 7, 2005, meeting a helicopter operated by co-defendant Shane Menzel. The Complaint
02 | further alleges that vacuum-sealed bags of marijuana were off-loaded from the helicopter, at which
03 | time the three individuals were arrested. Menzel is alleged to have reported that he participated
04 | in three prior similar smuggles with Humphrey and McCluskey.
05 |     (2)    The allegations of the Complaint depict a sophisticated marijuana smuggling
06 | operation that required careful planning and co-ordination, and the utilization of a Robinson R-22
07 | helicopter entering United States airspace without permission, flying at a low altitude in order to
08 | avoid detection. The alleged admissions by defendant Menzel describe close involvement by all
09 | three defendants in this on-going scheme. The AUSA proffers that federal agents had surveilled
10 | a helicopter drop on five previous occasions, and that other landing areas had been cleared in the
11 | vicinity as well. The access of defendants to the considerable resources necessary to carry out the
12 | scheme, and the inference that other individuals, still at large, must necessarily have been involved
13 | in the scheme, leads to the conclusion that the defendants pose a significant risk of flight as well
14 | as a risk of danger.
15 |     (3)    All three defendants are Canadian citizens, with significant ties to their communities
16 | but no ties whatsoever to this District. Mr. McCluskey also has a British passport, and his mother
17 | lives in Northern Ireland. His criminal records history includes a number of prior assault
18 | convictions (with charges currently pending for Assault Causing Bodily Harm and two counts of
19 | Assault), with a few violations for missing appointments a failing to report, according to his
20 | probation officer. He was not charged with the violations. The AUSA alleges that Mr.
21 | McCluskey is capable of piloting, which the defendant denies. An immigration detainer has been
22 | filed.
23 |     (4)    The AUSA argues that the quantity of marijuana involved in the conspiracy is in
24 | excess of 100 kilograms, and therefore invokes the rebuttable presumption against defendant as
25 | to both dangerousness and flight risk, under 18 U.S.C. §3142(e). However, the undersigned has
26 | not assumed the application of the rebuttable presumption in considering the government's motion

to detain the defendants.

(5) The defendant poses a risk of nonappearance because he is not a United States citizen, has no ties to this District, has a British Passport and expired Canadian passport, recent international travel, and because he is on bail for charges in Canada. He poses a risk of danger due to his criminal history and pending assault charges. The sophisticated nature of the alleged enterprise, including the utilization of a helicopter, also leads to that to the conclusion that this defendant poses a risk of nonappearance as well as a risk of danger.

(6) There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

/ / /

/ / /

/ / /

/ / /

/ / /

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this  15th  day of September, 2005.

_____
Mary Alice Theiler
United States Magistrate Judge

DETENTION ORDER
18 U.S.C. § 3142(i)
PAGE 4

15.13
Rev. 1/91